**Jeffrey EVANS, Plaintiff–Appellant,**

v.

**The CITY OF NEW YORK, Richard E. Jackson, individually and as former commissioner of the State of New York Department of Motor Vehicles, Raymond P. Martinez, individually and as commissioner of the State of New York Department of Motor Vehicles, Kenneth J. Ringler, Jr., individually and as former interim commissioner of the State of New York Department of Motor Vehicles, Stephen Lewis, New York City Police Officer, Defendant–Appellees.**

Docket No. 04–2051.

United States Court of Appeals, Second Circuit.

Feb. 11, 2005.

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

David A. Zelman, New York, NY, for Appellant.

Gregory Silbert, Assistant Solicitor General, Office of the Attorney General, State of New York, for Appellees.

Present: POOLER, B.D. PARKER, Circuit Judges, and CASTEL, District Judge.*

## SUMMARY ORDER

Plaintiff-appellant Jeffrey Evans appeals the district court's summary judgment dismissal of his due process and malicious prosecution claims. We assume the parties' familiarity with the underlying facts, procedural history and specification of appellate issues and hold as follows.

This court reviews the district court's decision to grant summary judgment de novo. *James v. New York Racing Ass'n,* 233 F.3d 149, 152 (2d Cir.2000). In making our determination we must resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Evans argues on appeal that defendants violated his rights under 42 U.S.C. § 1983 because his license to drive was suspended for failure to pay a fine without due process of law. A driver's license is a state-created privilege that cannot be suspended without the procedural due process that

the Fourteenth Amendment requires. *Gudema v. Nassau County,* 163 F.3d 717, 724 (2d Cir.1998). To determine what process is due, we employ the balancing test set out in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The *Mathews* test balances "(a) the private interest involved, (b) the risk of an erroneous deprivation of that interest through the procedures utilized, as well as the probable value of additional procedural safeguards, and (c) the government's interest, including the burden that additional procedural requirements would impose." *United States v. All Assets of Statewide Auto Parts, Inc.,* 971 F.2d 896, 902 (2d Cir.1992). Balancing these factors, we hold that Evans received all of the process that was due under the circumstances. Furthermore, defendants are entitled to summary judgment dismissal of Evans' due process claim on the grounds of qualified immunity because defendants have shown that "no reasonable jury, viewing the evidence in the light most favorable to the Plaintiff, could conclude that the defendant's actions were objectively unreasonable in light of clearly established law." *Ford v. Moore,* 237 F.3d 156, 162 (2d Cir. 2001).

Evans also appeals the summary judgment dismissal of his malicious prosecution claim. For a malicious prosecution claim, the plaintiff must establish (1) that the defendants initiated a criminal proceeding; (2) that the proceeding was terminated in plaintiff's favor; (3) that there was no probable cause for the criminal charge; and (4) that the defendants acted maliciously. *Rothstein v. Carriere,* 373 F.3d 275, 282 (2d Cir.2004). We have reviewed the record and relevant case law and hold that this claim should be dismissed. While Evans established that the proceeding was

---

* The Honorable P. Kevin Castel, United States District Judge for the Southern District of New York, sitting by designation.

terminated in his favor, there is no material issue of fact with respect to the remaining elements of the claim. Defendants are also entitled to summary judgment dismissal of Evans' malicious prosecution claim on qualified immunity grounds because, viewing the evidence in the light most favorable to Evans, no reasonable juror could conclude that defendants actions "were objectively unreasonable in light of clearly established law." *See Ford*, 237 F.3d at 162.

We therefore affirm the judgment of the district court.